**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------

M.P. and C.P., on behalf of W.P.,

                            Plaintiffs,

      - against -                                    **COMPLAINT**

New York City Department of Education,          **08 CV 3176 (WHP)**

                            Defendant.

------------------------------------------------------------------

      Plaintiffs M.P. and C.P., on behalf of W.P., by his attorneys, Mayerson & Associates, as and for their Complaint against defendant New York City Department of Education ("NYCDOE"), allege and states the following:

   1. Plaintiff W.P., the son of plaintiffs M.P. and C.P., is a minor child who has been diagnosed with significant language delays and hypotonia.  W.P. was at all relevant times was and is a student residing within the New York City School District entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. § 1400, *et. seq.*, the pertinent implementing regulations promulgated under the Code of Federal Regulations, Article 89 of the New York State Education law and Part 200 of the Commissioner's Regulations.

   2. Plaintiffs M.P. and C.P. are the parents of W.P.  Plaintiffs are residents of the State of New York, residing at all relevant times at an address, in Manhattan, within this District.

   3. W.P. and his parents M.P. and C.P. are not expressly named herein by their given names or specific address because of the privacy guarantees provided in the IDEIA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. § 1232(g) and 34 C.F.R. § 99.

4. The NYCDOE, upon information and belief, is a duly constituted school district organized under the laws of the State of New York, and is the local education agency charged with the obligations to provide W.P. with a free and appropriate public education ("FAPE"), *see infra*, ¶ 8.

### THE RELIEF BEING SOUGHT

5. This action is brought pursuant to the provisions of 20 U.S.C. § 1400, *et. seq.*, more commonly known as the IDEIA and, in particular, 20 U.S.C. §§ 1415(i)(2) and (3). *See also*, 34 C.F.R. §§ 300.516 and 300.517.

6. This action is being brought to secure statutory attorneys' fees and costs that plaintiffs are entitled to recover pursuant to the fee-shifting provisions of the federal IDEIA statute, 20 U.S.C. §§ 1415(i)(3)(A)-(G). M.P. and C.P., on behalf of W.P., should be awarded attorneys' fees as the "substantially prevailing party" in a due process hearing for the 2005-2006 school year under New York City Impartial Hearing Office Case Number 58791.

### JURISDICTION AND VENUE

7. This Court, pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367, has jurisdiction of this action without regard to the amount in controversy. Venue is proper in that plaintiffs and defendant reside in or are situated in this District.

8. Pursuant to the IDEIA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities special education programs and services that are tailored to meet the individual needs of each child with a

disability. The FAPE required under IDEIA will be different for each child, as IDEIA does not permit a "one size fits all" approach.

**FACTUAL BACKGROUND**

9. On or about March 18, 2005, M.P. and C.P., through their attorneys, Mayerson & Associates, filed for an impartial hearing at the administrative level in an effort to secure reimbursement and other relief relating to the 2005-2006 school year for the cost and expenses of W.P.'s tuition and related services. W.P.'s parents filed for due process due to the NYCDOE's failure to recommend and provide an appropriate placement and program individualized for W.P.'s unique special education needs.

10. The evidentiary hearing on this matter took place on July 14, 2005. Gary S. Mayerson, Esq., of Mayerson & Associates, represented plaintiffs. The NYCDOE conceded at the hearing that it did not provide W.P. with an appropriate program, thereby sustaining (in plaintiffs' favor) Prong I of the Burlington/Carter test for relief.[1] However, the NYCDOE challenged the appropriateness of the parents' unilateral placement (Prong II).

11. The impartial hearing officer heard testimony from W.P.'s witnesses regarding the appropriateness of the services provided by private providers secured by W.P.'s parents. The NYCDOE did not offer any testimony challenging the appropriateness of the program privately arranged by W.P.'s parents.

12. By "Amended Findings of Fact and Decision" dated September 1, 2005, Impartial Hearing Officer Brenda F. White Esq., rendered an award in favor of plaintiffs, establishing

---

[1] Reference is made to School Committee of Burlington v. Dept. of Educ. of Massachusetts, 471 U.S. 359, 105 S.Ct. 1996 (1985), and Florence Court School Dist. Four v. Carter, 510 U.S. 7, 114 S.Ct. 361 (1993), which set the standards for determining whether a handicapped child's unilateral educational placement is eligible for reimbursement relief.

plaintiffs as the substantially prevailing party in the 2005-2006 administrative due process proceeding.[2]  Defendant never appealed from this decision, which thus became final and non-appealable on or about October 6, 2005.

### CONCLUSION

13. The defendant is liable to pay plaintiffs their reasonable attorneys' fees arising out of W.P.'s successive IDEIA administrative due process proceedings, and in this action, at plaintiffs' counsel's current "prevailing" rates.  The fees requested herein are entirely reasonable and appropriate because:

(a) upon information and belief, plaintiffs' attorneys' office is the only firm in the country whose practice is devoted almost exclusively to representing children and adolescents with autism spectrum disorders and other similar developmental disorders, like W.P., in educational rights disputes;

(b) the principal of plaintiffs' attorneys' firm has testified before the United States Congress on the subject of the educational rights of children diagnosed with autism spectrum disorders;

(c) plaintiffs' attorneys have published and presented on the subject of the educational rights of children diagnosed with autism spectrum disorders;

(d) plaintiffs' attorneys have special knowledge and expertise concerning the educational needs of children diagnosed with autism spectrum disorders;

---

[2] A redacted copy of this decision is annexed hereto as Exhibit A.  Please note that all exhibits have been redacted so as to protect the privacy of the family. See ¶ 3.

(e) plaintiffs' attorneys' office has represented children with autism spectrum disorders in numerous states across the nation, and has consulted to families outside of the United States; and

(f) to the extent that there is a "prevailing rate" in the Southern District of New York for sophisticated autism intervention cases, plaintiffs' attorneys' prevailing rates are reasonable and within the applicable standard.

14. Necessary duties involved with preparing W.P.'s cases for administrative due process hearings for the 2005-2006 school year included, but were not limited to: (a) corresponding with plaintiff's service providers; (b) holding numerous telephone conferences; (c) writing and filing impartial due process hearing requests; (d) reviewing and disclosing documentary information relevant to W.P.'s claims; (e) scheduling and preparing witnesses to testify at the hearings; (f) developing effective case presentations for the 2005-2006 school year; and (g) preparing closing statements.

15. Additional fees and costs have been incurred, and will continue to be incurred in this action.

16. For all of the above efforts, plaintiffs should be awarded attorneys' fees, related costs and disbursements for the 2005-2006 school year in an amount to be set by this Court, at plaintiffs' counsel's prevailing rates.

**PRAYER FOR RELIEF**

WHEREFORE, by reason of the foregoing, this Court should (a) fix and award plaintiffs their statutory attorneys' fees and related costs and disbursements from the IDEIA due process proceedings for the 2005-2006 school year in an amount to be set by the Court, at plaintiffs'

counsel's prevailing rates, (b) award plaintiffs the attorneys' fees and related costs and disbursements associated with this action in an amount to be set by the Court, and (c) award plaintiffs such other, different and further relief as this Court deems proper.

Dated: March 31, 2008
     New York, New York

Gary S. Mayerson (GSM 8413)
Mayerson & Associates
330 West 38th Street, Suite 600
New York, New York 10018
(212) 265-7200
(212) 265-1735 (facsimile)
admin@mayerslaw.com

# AMENDED FINDINGS OF FACT AND DECISION

Case Number:                    58791

NYS Case Identifier Number:     13958

Student's Name:                 W███ P███

Date of Birth:                  November 16, 1999

District:                       2

Hearing Requested By:           Parent

Date of Hearing:                July 14, 2005

Hearing Officer:                Brenda F. White, Esq.

Case No. 58791

---

NAMES AND TITLES OF PERSONS WHO APPEARED

| | | |
|---|---|---|
| Gary Mayerson | Attorney | Parent |
| M⬛ F⬛ | Father | |
| Kristin Doyle (via telephone) | Occupational Therapist, The McCarton Center | Parent |
| Kimberly Spanjol (via telephone) | Special Education Itinerant Teacher Director, The McCarton Center | Parent |
| Anastasia Alongi (via telephone) | Special Education Itinerant Teacher, The McCarton Center | Parent |
| Kathleen Deane | Chairperson Designee, CSE, Region 9 | Department of Education |

On Thursday, July 14, 2005, an impartial hearing was held in the matter of W⬛ P. A list of all parties in attendance and exhibits entered into evidence is appended.

BACKGROUND

W⬛ is a five year student whose birth date is November 16, 1999. He has been classified as emotionally disturbed by the Committee on Special Education (CSE). It is the parent's contention that the Department of Education (DOE) failed to offer a placement for W⬛ for the 2005-2006 academic year. The parents request tuition reimbursement from February 7, 2005 through the 2005-2006 academic year.

DEPARTMENT OF EDUCATION POSITION

The DOE concedes that it has failed to provide W⬛ with a free and appropriate public education (FAPE) in that it did not offer an appropriate placement for the student. However, the DOE challenges the parents' contention that they have secured an appropriate placement for W⬛.

PARENTS' POSITION

The parents of W⬛ P., represented by Gary Mayerson, Esq., contend that educational programming that W⬛'s parents are securing for him at their expense is appropriate and working for W⬛. Further, the parents assert that there are no compelling equitable considerations that would bar or diminish the relief being requested.

Anastasia Alongi, special education itinerant teacher (SEIT) teacher, testified that she worked with W⬛ since January, 2005. She described W⬛'s progress in the mainstream setting and improvement in certain behaviors. She observed the progress of her instructional relationship with W⬛ and his skills improvement. (T.31)

Addressing the Individualized Education Program (IEP) classification of emotionally disturbed, the parents questioned the Committee on Special Education's (CPSE) deliberations and lack of information in reaching their determination. M⬛ P., father of W⬛, testified that the classification of "other health impaired" would have been acceptable to him. (T.39) He further testified that he would consent to a provision of a classroom support aide at The Garden School; however, that request was not effectuated. (T.38) Instead, the DOE "sent me a package with three booklets of

outside providers, private providers and I must have, without exaggeration, 150 phone calls."(T.39)  The parent was able to locate a speech and occupational therapist, but his extensive search for SEIT support through the DOE was futile.

Mr. P. was able to identify the SEIT support through the McCarton Center, which recommends an increase of weekly school hours from nineteen to thirty hours with SEIT support services.

DECISION

Parents who unilaterally place their child in a private school can be reimbursed for the tuition if (a) the BOE did not make a valid and timely placement offer, (b) the private placement is appropriate, and (c) equitable considerations favor the parents.  (School Community of Burlington v. Dept of Ed of Mass 471 US 359, 105 SCt 1996, 85 Led2d 385 [1985]).  The parent are entitled to reimbursement even if the private school is not an approved school of the State. (Florence County School District Four v. Carter ___US, 114 SCt361 [1993])

The DOE has the burden of proving by substantial evidence, that it made a valid and timely placement offer.  In this matter, the DOE has conceded that it failed to offer a placement to W█████.  As the CSE has made no placement recommendation with respect to the child's educational   I find that the parents prevail on the first criterion for an award of tuition reimbursement.

With regard to the second criterion for an award of tuition reimbursement, the child's parent bears the burden of proof with regard to the appropriateness of the services which the parent obtained for the child. (Cite)  The record reflects that identification of W█████s needs at The Garden School, followed by an academic program that demonstrates consistent progress.  The child's parents and school administrator testified as to W█████s academic and social achievement.  I find that the private placement is appropriate and the parents prevail on the second prong of the criterion for reimbursement.

With regard to the third criterion for an award of tuition reimbursement, I find that equitable considerations support the parent's claim.  The parent has cooperated with the DOE throughout this process.  The reasonableness of the cost of services which a parent

Case No. 58791

has obtained for a child must also be considered in determining whether equitable considerations support the parent's claim for reimbursement. The parent testified that the cost of tuition at The Garden School is $18,000,00 annually. The record does not demonstrate that the tuition at The Garden School is unreasonable; therefore, I find that the parent prevails with respect to the cost of tuition.

THEREFORE, IT IS ORDERED that DOE reimburse the parent, upon proof of payment for the cost of tuition at The Garden School for the period February 7, 2005 through June, 2005 and for the 2005-2006 school year.

IT IS FURTHER ORDERED that the DOE reimburse the parent, upon proof of payment, for the cost of SEIT services provided for the period February 7, 2005 through June, 2005 and for the 2005-2006 school year.

IT IS FURTHER ORDERED that the DOE shall reimburse the parent, upon proof o f payment, for the cost of occupational therapy and speech therapy mandated on the IEP for the period February 7, 2005 through June, 2005.

IT IS FURTHER ORDERED that SEIT support services as mandated on the IEP of W███ P. be increased to thirty hours per week for the 2005-2006 school year.

IT IS FURTHER ORDERED that the matter of W███ P. be remanded to the CSE for a review and determination of an appropriate classification and placement for the student.

Dated: September 1, 2005

*Brenda F. White, Esq.*
BRENDA F. WHITE, ESQ.
Impartial Hearing Officer

BFW:nn

**PLEASE SEE FOLLOWING PAGE FOR APPEAL NOTICE**

Case No. 58791

---

**PLEASE TAKE NOTICE**

Within 35 days of the date of this decision, the parent and/or the New York City Department of Education has a right to appeal the decision to the State Review Officer of the New York State Education Department under Section 4404 of the Education Law and the Individuals with Disabilities Education Act.

"The notice of intention to seek review shall be served upon the school district not less than 10 days before service of a copy of the petition for review upon such school district, and within 25 days from the date of the decision sought to be reviewed. The petition for review shall be served upon the school district within 35 days from the date of the decision sought to be reviewed. If the decision has been served by mail upon petitioner, the date of mailing and the four days subsequent thereto shall be excluded in computing the 25- or 35-day period." (8NYCRR279.2[b])  Failure to file the notice of intention to seek review is a waiver of the right to appeal this decision.

Directions and sample forms for filing an appeal are included with this decision.  Directions and forms can also be found in the Office of State Review website: www.sro.nysed.gov/appeals.htm.

## DOCUMENTATION ENTERED INTO RECORD

| | | |
|---|---|---|
| 1. | Demand for Due Process, 3/18/05, 4 pp. | Joint |
| 2. | RSA-1 Form Related Service Authorization, 2/17/05, 1 p. | Joint |
| 3. | Private Tutoring/Eligibility Notice - P3, 2/15/05, 2 pp. | Joint |
| 4. | Letter to Carolyn Corbett, Chairperson, 2/7/05, 2 pp. | Joint |
| 5. | C-6 Final Notice of Recommendation, 2/4/05, 1 p. | Joint |
| 6. | Contract from Garden House School of New York, 1/28/05, 3 pp. | Joint |
| 7. | IEP, 1/28/05, 14 pp. | Joint |
| 8. | Communication Book, 1/7-4/4/05, 18 pp. | Joint |
| 9. | Occupational Therapy Evaluation by Kristin F. Doyle, OTR/L, 1/5/05, 8 pp. | Joint |
| 10. | Appointment Letter, 12/7/04, 1 p. | Joint |
| 11. | Consent for Initial Evaluation, 11/23/04, 11 pp. | Joint |
| 12. | Letter to Carolyn Corbett from M█████ P█████, 11/16/04, 1 p. | Joint |
| 13. | Comprehensive Speech and Language Evaluation by Lesley Stone, M.S. CCC/SLP, 10/28/04, 5 pp. | Joint |
| 14. | Letter to Louise Kanian, Director of Special Education Services and Joshua Klaris, Principal, P.S. 183 - Robert L. Stevenson School, 10/27/04, 2 pp. | Joint |
| 15. | Evaluation by Sylvie Goldman, Ph.D. and Cecelia McCarton, MD from The McCarton Center, 10/12 and 10/21/04, 10 pp. | Joint |
| 16. | Request for Physical Examination, 5/6/04, 2 pp. | Joint |
| 17. | Invoices and Copies of Cancelled Checks Re: Cecilia M. McCarton, MD PC, 10/04-3/05, 49 pp. | Joint |